**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 4, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff−Appellee,

v.

KENDRA MARIE ROSS,

Defendant−Appellant.

No. 12-7083
(D.C. No. 6:12-CR-00081-JHP-1)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **KELLY**, and **O'BRIEN**, Circuit Judges.

Kendra Marie Ross appeals the district court's order upholding the magistrate judge's order for pretrial detention. Ms. Ross is awaiting trial on charges of felony child abuse and felony child neglect, both in violation of 18 U.S.C. § 1153 and Oklahoma statutes. She contends that the magistrate judge and the district court (as well as the government counsel and her own counsel) mistakenly believed that a

---

[*] This panel has determined that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

rebuttable presumption of detention applied to this case and ordered her detained on that basis.

The government concedes on appeal that no rebuttable presumption applies here. Ms. Ross neither has a prior conviction for a federal offense described in 18 U.S.C. § 3142(f)(1), which is necessary for the rebuttable presumption under § 3142(e)(2) to arise, nor is she charged with any of the offenses described in § 3142(e)(3), which is necessary for the rebuttable presumption under that subsection to arise. Accordingly, the government asks that the district court's detention order be reversed and remanded. Based upon our review, we agree with the parties that the circumstances do not give rise to a rebuttable presumption of detention and that the district court erroneously relied on that presumption in denying Ms. Ross pretrial release. Accordingly, we must reverse the district court's order and remand for further proceedings.

Ms. Ross asks that the matter be remanded with directions to the district court to enter an order setting conditions for release, while the government asks that the matter be remanded with directions to the district court to hold a new evidentiary hearing. The district court, however, is in the best position to determine what further proceedings, if any, are necessary for it to enter either an order of detention or an order of release with conditions that is based on the relevant statutory factors, *see* 18 U.S.C. § 3142(g).

Accordingly, the district court's order of continued detention pending trial is reversed and the matter is remanded for further proceedings consistent with this order and judgment. Ms. Ross's motion to expedite this appeal is denied as moot.

Entered for the Court
Per Curiam